**FILED**
**JANUARY 4, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 127**

| | |
|---|---|
| CRESCENT CARE, LLC d/b/a CARILLON RESOURCES, ) ) ) Plaintiff, ) ) v. ) ) TOTAL HOME HEALTH, INC., ) ) Defendant. ) | No._____ **JUDGE MORAN** **MAGISTRATE JUDGE NOLAN** |

NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE, that Defendant Total Home Health, Inc., by and through its attorneys, hereby removes to this Court the state court action described below.

1. On December 7, 2007, an action was commenced in the Circuit Court of Cook County, Chicago, Illinois, entitled Crescent Care, LLC, d/b/a/ Carillon Resources, Plaintiff v. Total Home Health, Inc., Defendant, case number 07 CH 35958 (copy of docket, Ex. A). The docket incorrectly refers to the cause of action as a mortgage foreclosure where the state case is a three count action seek declaratory relief, contract enforcement or quantum meruit.

2. The Defendant was served with a summons (copy, Ex. B) and a copy of the plaintiff's complaint on December 13, 2007 (copy, Ex. C).

3. A copy of all process and pleadings served upon the Defendant in the State Court Action are attached hereto as Exhibit A through C. As of the date of this filing no orders have issued to the Defendant from the Circuit Court of Cook County, in 07 CH 35958.

4. Total Home Health, Inc. is the sole defendant in 07 CH 35968. Said defendant may remove to this district court in accordance with 28 U.S.C. § 1441(a).

5. This action is a civil action of which this Court has removal jurisdiction under the following alternatives:

   a. 28 U.S.C. § 1442(a)(1) with removal allowed by 28 U.S.C. §§ 1442(a), 1446.

   b. 28 U.S.C. §1331 with removal allowed by 28 U.S.C. §§ 1441(b), 1446.

6. On the face of the Complaint in various paragraphs of each of three counts the Plaintiff references the Defendant's contract with the Department of Veterans Affairs (hereinafter the VA). The Plaintiff seeks to declare under Count I, and then enforce under Count II, a 5% finders fee contrary to the Federal law, referred to below. Count III seeks quantum meruit in relation to Plaintiff's alleged services due to Defendant's being awarded a contract with the VA which is similarly contrary to Federal law.

7. Contracts, such as Defendant's, with the VA are procured pursuant to the Federal Acquisition Regulations, Title 48 of the Code of Federal Regulations (referred to as the "FAR"). Chapter 8, at subpart 801.104, of Title 48 adopts the FAR for the Veterans Affairs Acquisition Regulation.

8. Pursuant to the FAR the officers of Total Home Health, Inc. are acting under the officers of the VA in the execution of the VA contract in providing benefits to the beneficiaries of the VISN 12 area for purposes of 28 U.S.C. § 1442(a)(1). Attached hereto as Ex. D, is the affidavit with supporting records of Alan P. Kirk, Vice President of Total Home Health, Inc. in support of 28 U.S.C. § 1442(a)(1).

9. The declaration (Count I), enforcement (Count II) or allowance of remuneration to the Plaintiff by way of quantum meruit (Count III), pursuant to the allegations of 07 CH 35958, Cook County, Illinois, in relation to the Defendant's being awarded a federal VA contract, involves a substantial federal question.

10. Except for permitted exceptions inapplicable to the Plaintiff, 48 C.F.R. subpart 3.400 et.seq. (copy attached as Ex. E) prohibits arrangements to pay contingent fees, commissions or finders fees for soliciting or obtaining government contracts pursuant to 10 U.S.C. §2306(b) and 41 U.S.C. § 254(a).

11. The Defendant has been awarded a contract with the Department of Veterans to wit: VA 69D-PC-0105 for the VISN 12 area (ie serving parts of Illinois, Wisconsin, Minnesota, Indiana and Michigan) which is controlled by federal law, to provide benefits to VA beneficiaries.

Wherefore, Defendant Total Home Health, Inc. prays that this action be removed to the United States District Court for the Northern District of Illinois, Eastern Division pursuant to the authorities referred to herein.

By:_____
Thomas H. James of James & Associates appearing for Total Home Health, Inc.
Signing pursuant Federal Rule of Civil Procedure 11,
PO 398 – 412 2nd Ave
Forreston, IL 61030, ARDC 6200493; N.D. Ill. General Bar and Trial Bar: April 12, 1990

CERTIFICATE OF SERVICE

I, Thomas H. James, pursuant to the Federal Rules of Civil Procedure or other federal law, will promptly provide a copy of the Notice of Filing with the Circuit Clerk of Cook County and a Copy of the Notice of Removal pursuant to 28 U.S.C. § 1446(d) to:
<u>Counsel for Crescent Care, LLC d/b/a Carillon Resources</u>
Law Offices of David H. Latham
150 Nth Wacker Drive, Ste. 1400
Chicago, IL 60606
312-782-1910
By:_____
Thomas H. James of James & Associates