**Federal Acquisition Regulation** 3.404

suspected collusive offers to the authorities of the foreign government concerned for appropriate action.

(f) Agency reports shall be addressed to the Attorney General, U.S. Department of Justice, Washington, DC 20530, Attention: Assistant Attorney General, Antitrust Division, and shall include—

(1) A brief statement describing the suspected practice and the reason for the suspicion; and

(2) The name, address, and telephone number of an individual in the agency who can be contacted for further information.

(g) Questions concerning this reporting requirement may be communicated by telephone directly to the Office of the Assistant Attorney General, Antitrust Division.

[48 FR 42108, Sept. 19, 1983, as amended at 49 FR 12974, Mar. 30, 1984; 50 FR 1727, Jan. 11, 1985; 50 FR 52429, Dec. 23, 1985; 55 FR 25526, June 21, 1990; 65 FR 36030, June 6, 2000; 68 FR 28080, May 22, 2003]

### Subpart 3.4—Contingent Fees

**3.400 Scope of subpart.**

This subpart prescribes policies and procedures that restrict contingent fee arrangements for soliciting or obtaining Government contracts to those permitted by 10 U.S.C. 2306(b) and 41 U.S.C. 254(a).

**3.401 Definitions.**

As used in this subpart—

*Bona fide agency*, means an established commercial or selling agency, maintained by a contractor for the purpose of securing business, that neither exerts nor proposes to exert improper influence to solicit or obtain Government contracts nor holds itself out as being able to obtain any Government contract or contracts through improper influence.

*Bona fide employee*, means a person, employed by a contractor and subject to the contractor's supervision and control as to time, place, and manner of performance, who neither exerts nor proposes to exert improper influence to solicit or obtain Government contracts nor holds out as being able to obtain any Government contract or contracts through improper influence.

*Contingent fee*, means any commission, percentage, brokerage, or other fee that is contingent upon the success that a person or concern has in securing a Government contract.

*Improper influence*, means any influence that induces or tends to induce a Government employee or officer to give consideration or to act regarding a Government contract on any basis other than the merits of the matter.

[48 FR 42108, Sept. 19, 1983, as amended at 66 FR 2127, Jan. 10, 2001]

**3.402 Statutory requirements.**

Contractors' arrangements to pay contingent fees for soliciting or obtaining Government contracts have long been considered contrary to public policy because such arrangements may lead to attempted or actual exercise of improper influence. In 10 U.S.C. 2306(b) and 41 U.S.C. 254(a), Congress affirmed this public policy but permitted certain exceptions. These statutes—

(a) Require in every negotiated contract a warranty by the contractor against contingent fees;

(b) Permit, as an exception to the warranty, contingent fee arrangements between contractors and bona fide employees or bona fide agencies; and

(c) Provide that, for breach or violation of the warranty by the contractor, the Government may annul the contract without liability or deduct from the contract price or consideration, or otherwise recover, the full amount of the contingent fee.

**3.403 Applicability.**

This subpart applies to all contracts. Statutory requirements for negotiated contracts are, as a matter of policy, extended to sealed bid contracts.

[48 FR 42108, Sept. 19, 1983, as amended at 50 FR 1727, Jan. 11, 1985; 50 FR 52429, Dec. 23, 1985]

**3.404 Contract clause.**

The contracting officer shall insert the clause at 52.203-5, Covenant Against Contingent Fees, in all solicitations and contracts exceeding the simplified acquisition threshold, other than those for commercial items (see parts 2 and 12).

[61 FR 39188, July 26, 1996]

Party: Def.
Ex: E