UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRESCENT CARE, LLC d/b/a CARILLON RESOURCES, <br><br> Plaintiff, <br><br> v. <br><br> TOTAL HOME HEALTH, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 08 C 127 <br> ) <br> ) <br> ) <br> ) <br> ) |

## MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

NOW COMES, Defendant Total Home Health, Inc., by and through its attorneys, and for this pleading states as follows:

1. Federal Rule of Civil Procedure 12(b)(6) provides for dismissal upon the failure to state a claim upon which relief can be granted. The motion is timely pursuant to Federal Rule of Civil Procedure 81(c.). This case arrives in federal court by way of a notice of removal.

2. The Plaintiff has filed a state based claim in three theories: Count I for declaratory relief, Count II for breach of contract and Count III for quantum meruit. The relief alleges a purported agreement, bound in a confidentiality, which results in a 5% finders fee if the Defendant successfully bids a particular governmental contract with the Department of Veterans Affairs, S. E. Overton Co. v. International Brotherhood of Teamsters, ..., 115 F. Supp. 764, 768 (W.D. Mich. 1953)(The complaint did not mention a specific federal statute but the court found "it is fundamental that the court may properly take judicial notice of any Federal laws necessarily brought into play by the allegations of the complaint, although specific reference to such laws has been omitted.)

3. Federal cases, federal statutes and regulations adopted by the Department of Veterans Affairs preclude the Plaintiff's relief, see, Hazelton v. Sheckells, 202 U.S. 71, 26 S. Ct. 567, 50 L. Ed. 939 (1906); LeJohn Manufacturing Company v. Webb, 222 F.2d 48 (U.S. Ct. App. DC Cir. 1955); Bradley v. American Radiator & Standard Sanitary Corp., 159 F.2d 39 (2d Cir. 1947); 48 C.F.R. 3.400 through 404; 48 C.F.R. 101 through 104. 48 C.F.R.. 402 provides in particular part:

> 3.402 Statutory requirements.
> Contractors' arrangements to pay contingent fees for soliciting or obtaining Government contracts have long been considered contrary to public policy because such arrangements may lead to attempted or actual exercise of improper influence. In 10 U.S.C. 2306(b) and 41 U.S.C. 254(a), Congress affirmed this public policy but permitted certain exceptions. These statutes—
> (a) Require in every negotiated contract a warranty by the contractor against contingent fees;
> (b) Permit, as an exception to the warranty, contingent fee arrangements between contractors and bona fide employees or bona fide agencies; and
> (c) Provide that, for breach or violation of the warranty by the contractor, the Government may annul the contract without liability or deduct from the contract price or consideration, or otherwise recover, the full amount of the contingent fee.

4. 48 C.F.R. 3.402 provides a ban on all contingencies, commissions etc in connection with government contracts where the sole exception provides relief only for "bona fide employees and bona fide agencies". 48 C.F.R. 3.403 applies the ban on contingencies to all government contracts.

5. Government procurement law, such as the ban on contingencies under 48 C.F.R. 3.402 preempts state law theories of relief, Miller v. Arkansas, 352 U.S. 187, 190, 77 S.Ct. 257 (1956)(Government Procurement law preempts State law.); Gartrell Contruction v. Aubry, 940 F.2d 437, 438 (9th Cir. 1990)(Federal procurement law preempts State law.).

2

6. As the Plaintiff has not pleaded itself, in conformity with federal law, as a bona fide agency or bona fide employee maintained by the contractor, consistent with 48 C.F.R. 3.402, it has not stated a claim upon which relief can be granted.

Wherefore, Defendant Total Home Health, Inc. prays that this action be dismissed pursuant to Rule 12(b)(6).

By: _____
Thomas H. James of James & Associates appearing for the
Defendant, Total Home Health, Inc.
Signing pursuant Federal Rule of Civil Procedure 11,
PO 398 – 412 2nd Ave
Forreston, IL  61030
ARDC 6200493
Admitted to the N.D. General Bar and Trial Bar:
April 12, 1990