IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

CRESCENT CARE, LLC d/b/a CARILLON )
RESOURCES, )
 )
　　　　Plaintiff, )
 )
　　v. ) No. 07CH35958
 )
TOTAL HOME HEALTH, INC., )
 )
　　　　Defendant. )

## COMPLAINT

Plaintiff Crescent Care, LLC d/b/a Carillon Resources, by its undersigned attorneys, alleges and complains of Defendant Total Home Health, Inc. as follows:

## GENERAL ALLEGATIONS

### The Parties

1.　Plaintiff Crescent Care, LLC is an Indiana limited liability company doing business as Carillon Resources ("Carillon").

2.　Carillon is in the business of providing business and management consulting to businesses such as Defendant Total Home Health, Inc. who are in the medical services and medical supplies business. Carillon offer its clients internal management consulting as well as business development and customer relations consulting.

3.　Defendant Total Home Health, Inc. ("Total Home") is an Illinois corporation.

4.　Total Home is in the business of providing home medical equipment to end consumers. A large portion of Total Home's business is providing home oxygen and respiratory supplies to end consumers.

**Venue**

5. Venue is proper in Cook County pursuant to Sections 2-101 and 2-102 of the Illinois Code of Civil Procedure because Total Home is doing business in Cook County. 735 ILCS 5/2-101 and 5/2-102.

**The Agreement**

6. For at least a year prior to the events alleged herein, Carillon and Total Home had an ongoing business relationship.

7. Carillon and Total Home first began their ongoing business relationship as early as the Fall of 2005. At that time, Total Home had engaged Carillon's services to provide personnel training to Total Home's employees.

8. In or about September 2006, Carillon learned that the Federal Department of Veterans' Affairs (the "VA") was about to begin accepting bids for a substantial contract for the purchase of medical supplies by the VA. The bulk of the medical supplies the VA intended to purchase was oxygen and respiratory equipment.

9. Based on Carillon's prior relationship with Total Home and Carillon's familiarity with Total Home's business, Carillon approached Total Home with a proposal whereby Carillon would provide Total Home with the information regarding the VA contract and Carillon would use its knowledge and expertise to assist Total Home in preparing a bid to be submitted to the VA.

10. As set forth more fully in the attached Confidentiality Agreement, on or about September 22, 2006, Carillon and Total Home entered into an agreement whereby Carillon agreed to provide certain information relating to the VA contract to Total Home (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A.

11. In exchange for Carillon's services in connection with the Agreement, Total Home agreed to pay Carillon a 5 percent finder's fee based on the actual receipts by Total Home from the VA. (Exhibit A)

12. A finder's fee of 5 percent of the gross receipts is the standard fee in the industry for the services Carillon provided to Total Home in connection with the VA contract.

13. After Total Home agreed to the terms of the Agreement, Carillon used its substantial expertise in the medical equipment/service industry to provide Total Home with valuable consulting services and direct assistance in preparing and submitting the bid for the VA contract.

14. As a direct result of Carillon's information and consulting services, on or about May 9, 2006, Total Home was awarded a contract by the VA to supply medical equipment.

15. Total Home's contract with the VA is valued at more than $4 million per year in gross revenues to Total Home over a four year period.

16. The contract between Total Home and the VA was to begin on June 1, 2007. Pursuant to the VA contract, Total Home was to submit its invoices to the VA by the 10th of each month for supplies delivered during the prior month. Pursuant to the VA contract, the VA was obligated to pay Total Home's invoice within 30 days. Accordingly, Total Home received its first payment from the VA no later than August 9, 2007.

## COUNT I
### (Declaratory Judgement)

17. Carillon realleges Paragraphs 1 through 16 as Paragraph 17 as if fully set forth herein.

18. On or about June 8, 2007, after Total Home had secured the VA contract, Total Home unilaterally repudiated the Agreement claiming that the Agreement was unenforceable.

19. Contrary to Total Home's claim, the Agreement is enforceable making Total Home's repudiation unwarranted and a breach of the ongoing Agreement between Carillon and Total Home.

20. Based on its claim that Agreement is unenforceable, Total Home has failed to pay Carillon any portion of the amounts Total Home agreed to and is obligated to pay pursuant to the Agreement.

21. Carillon has fully complied with its obligations under the Agreement and has performed all conditions on its part to be performed.

22. The Agreement requires performance by Total Home in the future. Accordingly, an actual controversy exists between the parties not only as to whether Total Home is currently in breach but also as to the parties' future rights under the Agreement.

WHEREFORE, Plaintiff Crescent Care, LLC d/b/a Carillon Resources requests that this Court enter judgement in its favor and against Defendant Total Home Health, Inc. declaring the September 22, 2006 agreement enforceable and in full force and effect, awarding Plaintiff prejudgment interest, its costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT II
### (Breach of Contract)

23. Carillon realleges Paragraphs 1 through 16 as Paragraph 23 as if fully set forth herein.

24.   The actual receipts from Total Home from the VA are unknown. However, based on the anticipated receipts by Total Home from the VA, Total Home should have received in excess of $1,500,000 from the VA to date.

25.   Accordingly, Total Home should have paid but has failed to pay Carillon in excess of $75,000 to date as a finder's fee pursuant to the Agreement.

26.   Total Home has breached the Agreement by repudiating the Agreement and by failing to pay the 5 percent finder's fee.

27.   Carillon has fully complied with its obligations under the Agreement and has performed all conditions on its part to be performed.

WHEREFORE, Plaintiff Crescent Care, LLC d/b/a Carillon Resources requests that this Court enter judgement in its favor and against Defendant Total Home Health, Inc. in an amount to be determined at trial but in excess of $75,000 plus prejudgment interest, costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

### COUNT III
### (Quantum Meruit)

28.   Carillon realleges Paragraphs 1 through 5 as Paragraph 28 as if fully set forth herein.

29.   If no contract is found to exist between Carillon and Total Home as alleged in Count I, then, in the alternative pursuant to 735 ILCS 5/2-613, Carillon is entitled to the reasonable value its services to Total Home as follows.

30.   For at least a year prior to the events alleged herein, Carillon and Total Home have had an ongoing business relationship.

31. Carillon and Total Home first began their ongoing business relationship as early as the Fall of 2005. At that time, Total Home had engaged Carillon's services to provide personnel training to Total Home's employees.

32. In or about September 2006, Carillon learned that the Federal Department of Veterans' Affairs (the "VA") was about to begin accepting bids for a substantial contract for the purchase of medical supplies by the VA. The bulk of the medical supplies the VA intended to purchase was oxygen and respiratory equipment.

33. Based on Carillon's prior relationship with Total Home and Carillon's familiarity with Total Home's business, Carillon approached Total Home with a proposal whereby Carillon would provide Total Home with the information regarding the VA contract and Carillon would use its knowledge and expertise to assist Total Home in preparing a bid to be submitted to the VA.

34. Thereafter, Carillon used its substantial expertise in the medical industry in providing Total Home with valuable consulting services and direct assistance in preparing and submitting the bid for the VA contract.

35. As a direct result of Carillon's information and consulting services, on or about May 9, 2006, Total Home was awarded a contract by the VA to supply medical equipment.

36. Total Home's contract with the VA is valued at more than $4 million per year in gross revenues to Total Home over a four year period.

37. A finder's fee of 5 percent of the gross receipts is standard in the industry for the services Carillon provided to Total Home in connection with the VA contract.

38. The contract between Total Home and the VA was to begin on June 1, 2007. Pursuant to the VA contract, Total Home was to submit its invoices to the VA by the 10th of each

month for supplies delivered during the prior month. Pursuant to the VA contract, the VA was obligated to pay Total Home's invoice within 30 days. Accordingly, Total Home received its first payment from the VA no later than August 9, 2007.

39. The actual receipts from Total Home from the VA are unknown. However, based on the anticipated receipts by Total Home from the VA, Total Home should have received in excess of $1,500,000 from the VA to date.

40. Accordingly, the value of the services Carillon provided to Total Home exceed $75,000 to date.

41. Total Home has been was unjustly enriched by Carillon's efforts and have unfairly retained such benefits to Carillon's detriment.

WHEREFORE, Plaintiff Crescent Care, LLC d/b/a Carillon Resources requests that this Court enter judgement in its favor and against Defendant Total Home Health, Inc. in an amount to be determined at trial but in excess of $75,000 plus prejudgment interest, costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

CRESCENT CARE, LLC d/b/a CARILLON RESOURCES,

By: _____
One of Its Attorneys

David H. Latham
Law Offices of David H. Latham
Suite 1400
150 North Wacker Drive
Chicago, Illinois 60606
(312) 782-1910
Atty No.: 34878