IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRESCENT CARE, LLC d/b/a CARILLON RESOURCES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 127 |
| | ) | |
| TOTAL HOME HEALTH, INC., | ) | Judge James B. Moran |
| | ) | |
| Defendant. | ) | |

### AFFIDAVIT OF DAVID H. LATHAM

DAVID H. LATHAM, under penalty of perjury under the laws of the United States of America, certifies that the statements set forth in this instrument are true and correct:

1.      I am an attorney duly licensed to practice law in the State of Illinois, and have been actively engaged in such practice since 1988.

2.      I have personal knowledge of the matters contained herein, and if called to testify as a witness in this matter, I could testify fully and competently to the matters contained herein.

3.      I am the attorney for Plaintiff Crescent Care, LLC d/b/a Carillon Resources ("Carillon") in the above captioned matter.

4.      Attached hereto as Tab 1 is a true and correct copy of a letter dated June 14, 2007 which I received by fax.

FURTHER AFFIANT SAYETH NAUGHT. . . . .


Dated: January 24, 2008                    /s/ David H. Latham

                                         _____
                                              DAVID H. LATHAM

Tab 1

LAW OFFICES OF
# JAMES & ASSOCIATES
412 2nd Ave
P.O. Box 398
FORRESTON, IL 61030

THOMAS H. JAMES JD, CPA
TRIAL ATTORNEY
BARS: ILLINOIS , FEDERAL
US TAX COURT
SOLICITOR: ENGLAND & WALES
MEMBER: ATTORNEYS' TITLE GUARANTEE FUND

Jameslaw1 @ AOL.Com
(815) 938-3241 (MAIN NOS)
(815) 938-2221 Fax

Paralegal
Ms. Jennifer Cannon

By Fax to 312-782-1917 and Mail
Mr. David H. Latham
150 North Wacker Drive, Ste. 1400
Chicago, IL  60606

June 14, 2007

Re:  Carillon Resources v. Total Home Health, Inc.

Dear Mr. Latham:

Thank you for your regarding the deadline of close of business on June 15, 2007.  Your client's position is wholly without merit.  Finder's fees, contingencies and/or commission agreements in relation to the procurement of a government contract, such as with the Veteran's Administration, are unenforceable, Quinn v. Gulf Western Corporation, 644 F.2d 89 (2nd Cir. 1981); Kashfi v. Phibro-Salomon, Inc. etc., 628 F.Supp. 727 (S.D.N.Y. 1986) because such agreements violate the Federal Acquisition Regulation, 41 C.F.R. 1-1.500 et.seq. at subpart 3.4.

As provided by subpart 3.402: "Contractor's arrangements to pay contingent fees for soliciting or obtaining Government contracts have long been considered contrary to public policy …".  Pursuant to 3.403: "This subpart applies to all contracts.  Statutory requirements for negotiated contracts are, as a matter of policy, extended to sealed bid contracts".

Consequently, termination of the agreement was required in order to comply with federal law.

Sincerely,

Thomas H.  James

Cc: S. Hughes and A. Kirk