Order Code RL33113

# CRS Report for Congress

Received through the CRS Web

# Veterans Affairs: Basic Eligibility for Disability Benefit Programs

**September 28, 2005**

Douglas Reid Weimer
Legislative Attorney
American law Division

Party: Total

Ex: |

# Veterans Affairs: Basic Eligibility for Disability Benefit Programs

## Summary

A broad range of benefits is offered to American veterans and to certain members of their families by the United States Department of Veterans Affairs (VA). Among these benefits are various types of financial benefits and assistance — which include disability compensation and pensions.

The VA administers two disability programs. These programs pay monthly cash benefits to disabled veterans. *Disability compensation* provides a monthly benefit if the veteran is disabled as a result of his/her military service. Disability compensation relates specifically to a disability which directly resulted from military service. A *disability pension* is paid to a wartime veteran if the veteran has limited income, is no longer able to work, or is age 65 or older. The pension is not related to a service-connected injury or medical condition. Award of the pension takes into consideration the material needs of the veteran — i.e., it is a "needs-based" pension.

There is no deadline or time limit for applying for disability benefits. A veteran cannot simultaneously receive both disability compensation and a disability pension. There are certain basic criteria which must be met in order to be eligible to receive either of these benefits.

This report examines the eligibility criteria and the fundamentals of the VA-administered disability benefit programs and related issues.

# Contents

Introduction  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

The Basic "Two Step" Claims Decision Process . . . . . . . . . . . . . . . . . . . . . . . . . 2
    Step One:  Eligibility Criteria  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        Definition of "Veteran"  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        Discharge Criteria  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        The Requirement of Active Service . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        Whether the Military Service was During Time of War  . . . . . . . . . . . 6
        Service Requirements: Length of Duty  . . . . . . . . . . . . . . . . . . . . . . . . 7
    Impediments to VA Benefits: Willful Misconduct  . . . . . . . . . . . . . . . . . . . 7
        Alcohol Abuse  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        Drug Abuse  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        Venereal Disease  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    Step Two: Entitlement to Disability Benefits  . . . . . . . . . . . . . . . . . . . . . . . 9
        Disability Benefit Programs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        Requirements for the Award of Service-Connected
            Disability Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        Requirements for the Award of a Non-Service-Connected Pension  . . . 9

# Veterans Affairs: Basic Eligibility for Disability Benefit Programs

## Introduction

The United States Department of Veterans Affairs (VA)[1] offers a broad range of benefits to American veterans and to certain members of their families.[2] Among the benefits which are extended to veterans are: various types of health care and related services, such as nursing homes, clinics, and medical centers;[3] various types of financial benefits, including disability compensation and pensions;[4] education, vocational training, and related career assistance; home financing;[5] life insurance; burial benefits;[6] and benefits for certain family survivors. This report focuses upon the basic eligibility/entitlement requirements for disability benefits.[7]

The VA administers two disability programs. Both of these programs pay monthly cash benefits to disabled veterans. *Disability compensation* provides a

---

[1] The VA was established as an executive department by the Department of Veterans Affairs Act (P.L. 100-527, 102 Stat. 2635 (Oct. 25, 1988)). The predecessor of the Department, the Veterans Administration, had been established as an independent agency under the President by Executive Order No. 5398 of July 21, 1930, in accordance with the act of July 3, 1930 (46 Stat. 1016), which authorized the President to consolidate and coordinate the U.S. Veterans Bureau, the Bureau of Pensions, and the National Home for Volunteer Soldiers. See [http://www.va.gov].

[2] See generally *Federal Benefits for Veterans and Dependents*, published by the Department of Veterans Affairs (2005 edition)(cited to afterward as "Federal Benefits"). See [http://www1.va.gov/opa/vadocs/current_benefits.htm] for the publication online.

[3] See CRS Report RL32961, *Veterans' Health Care Issues in the 109th Congress,* by Sidath Viranga Panangala.

[4] See CRS Report 98-879, *Veterans' Pensions: Fact Sheet,* by Dennis W. Snook and Alice D. Butler.

[5] See CRS Report RS20533, *VA-Home Loan Guaranty Program: An Overview,* by Bruce E. Foote, updated by Meredith Peterson.

[6] See CRS Report RS21545, *Military Funeral Honors: Frequently Asked Questions,* by Glenda Richardson; CRS Report FL32769, *Military Death Benefits: Status and Proposals,* by David F. Burrelli and Jennifer R. Corwell.

[7] Within the VA, the Veterans Benefits Administration (VBA) administers nonmedical benefits programs for veterans, and their dependents and survivors. These benefits include veterans' compensation and pensions, survivors' benefits, education and rehabilitation assistance, home loan benefits, certain burial benefits, and insurance coverage. See [http://www.vba.va.gov].

CRS-2

monthly benefit if the veteran is at least 10% disabled[8] as a result of his/her military service. A *disability pension* is paid to a wartime veteran with limited income, who is no longer able to work, or is age 65 or older. The pension is not related to a service-connected injury or medical condition, and takes into consideration the material needs of the veteran — i.e., it is a "needs-based" pension.[9] There is no deadline or time limit for applying for disability benefits.[10] A veteran cannot simultaneously receive both disability compensation and a disability pension. There are certain basic criteria which must be met in order to be eligible to receive either of these benefits. These eligibility criteria and the fundamentals of the disability benefit programs are examined below.

# The Basic "Two Step" Claims Decision Process

In its evaluation of disability claims, as well as in its determination of eligibility for other VA benefits, the VA utilizes a two-step process in its initial review. First, the claimant must demonstrate that he/she is *eligible* for the VA benefit. That is, the claimant must prove that he/she is a bona fide veteran and verify certain related matters (discussed below). In this sense, the eligibility relates to the veteran's general qualification(s) for the benefit(s). Second, the veteran must prove *entitlement* to the particular benefit being sought. After it has been determined that the veteran is eligible and that he/she is entitled, the VA will then provide the appropriate benefit.

## Step One:  Eligibility Criteria

**Definition of "Veteran".**  In order to be eligible for most VA benefits, it is necessary for the claimant to be a veteran, or in some circumstances, the survivor or the dependent of a veteran. Within the context of the VA, a "veteran" is defined as a "person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable."[11]

In evaluating the evidence to determine whether the applicant is a "veteran" within the context of VA benefits, the VA relies substantially upon military department service records. Generally speaking, the VA findings must be in accord with the information contained in the applicant's service records.[12]

---

[8] The severity of a veteran's disability is evaluated by the VA and a determination is made as to what percentage of employment capacity is impaired. For example, a 10% disability (physical or psychological) is a relatively minor disability, whereas a 80% disability determination represents a significant impairment.

[9] See *A Summary of VA Benefits: Putting Veterans First*; VA Pamphlet 21-00-1 (Feb. 2004). See:[http:www.vba.va.gov/bln/21/su].

[10] Id.

[11] 38 U.S.C. § 101(2); 38 C.F.R. § 3.1(d).

[12] 38 C.F.R. § 3.203.

CRS-3

If a claimant submits an original service department record, the VA may accept it as evidence of service and/or character of discharge.[13] The VA may accept a copy issued by the service department with the certification that it is a true document. The VA may also accept a copy submitted by an accredited agent, attorney, or service representative with special training, who certifies that it is a copy of an original service document or a copy of such a document.[14] In addition to meeting these criteria, the document needs to contain data regarding the length, time, and character of the service, and the VA must believe that the document is genuine and accurate.[15] The VA is bound by the information that the service documents contain.[16] If the claimant does not provide the requisite documentation or other evidence, or the submitted documentation does not meet the requirements, the VA must seek to verify service directly from the appropriate military service department.[17]

**Discharge Criteria.** The statutory definition of "veteran" requires that the individual has been discharged or released from military service "under conditions other than dishonorable."[18] There are currently five types of discharges: 1) honorable discharge (HD); 2) discharge under honorable conditions (UHC), or general discharge (GD); 3) discharge under other than honorable conditions (UOTHC), or undesirable discharge (UD); 4) bad conduct discharge (BCD); and 5) dishonorable discharge (DD).[19]

The language of the statute does not precisely match the current categories of the discharges, and the VA often makes a case-by-case determination, as discussed below. In most cases, the VA considers honorable discharges and discharges under honorable conditions to fall within the "conditions other than dishonorable" category, and will usually qualify the claimant as a veteran under the first step of the eligibility test.

A bad conduct discharge from a special court-martial and other discharges made under other than honorable conditions may or may not allow the claimant to be considered a veteran.[20] In such circumstances, the VA will determine the issue of the character of the service by making a special "character of service determination," based on the facts in each claimant's case. After considering the service record, the VA will decide whether the veteran was separated from service under "dishonorable conditions" or under "other than dishonorable conditions." The "character of service

---

[13] 38 C.F.R. § 3.203(a)(1). See CRS Rept.RS21282 *Military Records and Unit Histories: A Guide to Locating Sources* by Barbara Salazar Torreon and Julissa Gomez-Granger.

[14] Id.

[15] 38 C.F.R. § 3.203(a)(2), (3).

[16] Venturella v. Gober, 10 Vet. App. 340, 341-342 (1997); Duro v. Derwinski, 2 Vet. App. 530, 532 (1992).

[17] Duro, 2 Vet. App. at 532.

[18] 18 U.S.C. § 101(2); 38 C.F.R. § 3.12(a).

[19] Barton F. Stichman et al., *Veteran Benefits Manual*, at § 2.2.1 (Cited to afterward as "Veterans Benefits Manual").

[20] *Id.*

CRS-4

determination" is the VA's review of the entire period of the claimant's enlistment(s) to determine the quality of the service and to determine whether it is sufficient to deserve the award of veterans' benefits.[21]  The issue of discharge is further complicated if a claimant has served more than one period of enlistment, and hence the claimant may have two or more different discharge categories.  The VA will review the entire service record and make its determination.

The VA Federal Benefits guide offers the following on discharges:

> Honorable and general discharges qualify a veteran for most VA benefits. Dishonorable and bad conduct discharges issued by general courts-martial may bar VA benefits.  Veterans in prison and parolees may be eligible for certain VA benefits.  VA regional offices can clarify the eligibility of prisoners, parolees and individuals with multiple discharges issued under differing conditions.  VA benefits will not be provided to any veteran or dependent wanted for an outstanding felony warrant.[22]

Certain exceptions exist to permit the award of VA benefits, even if the character of the discharge would ordinarily bar VA benefits.  For example, if it is determined that the claimant was insane at the time of the offense leading up to the discharge, the claimant may be granted VA benefits.  There does not need to be a direct connection between the insanity and the misconduct.[23]

**The Requirement of Active Service.**  It is required that an applicant have "active military, naval, or air service" in order for the applicant to be considered a veteran for VA benefits.[24]  However, not all types of service are considered active military service for the determination of eligibility for VA benefits.[25]

The VA Federal Benefits guide makes the following general statement on the active service requirement:

> Eligibility for most VA benefits is based upon discharge from active military service under other than dishonorable conditions.  Active service means full-time service, other than active duty for training, as a member of the Army, Navy, Air Force, Marine Corps, Coast Guard, or as a commissioned officer of the Public Health Service, the Environmental Science Services Administration or the National Oceanic and Atmospheric Administration, or its predecessor organization, the Coast and Geodectic [sic] Survey.  Men and women veterans with similar service are entitled to the same VA benefits.[26]

---

[21] Id.

[22] Federal Benefits at 1.

[23] 38 U.S.C. § 5303(b).

[24] See note 11.

[25] For example, National Guard and Reserve duty are not considered active service unless an individual performing this duty was disabled or died from a disease or injury incurred or aggravated in the line of duty. (38 U.S.C. § 101(24); 38 C.F.R. § 3.6(a)).

[26] Federal Benefits at 1.

CRS-5

Active service has been determined to include 1) active duty;[27] 2) a period of active duty for training during which the person was disabled or died from an injury or disease incurred or aggravated in the line of duty;[28] and 3) any period of inactive duty for training during which the person was disabled or died from an injury incurred or aggravated in the line of duty or from certain health conditions incurred during the training.[29]

Additional circumstances of service, and whether they are deemed to be active military service, are set out in VA statutes.[30]  For example: if on authorized travel to and from the performance of active duty training or inactive duty for training, the person is disabled or dies while proceeding directly to or returning from such duty, the duty will be considered to be active duty for training or inactive duty for training.[31]

The determination of whether a claimant has met the "active service" requirement may not be a simple process. It is possible that the claimant and the VA may have to scrutinize the claimant's service record(s) to determine whether service fits into one of the many categories of active service, or whether an exception has been made for his/her service, so that it is considered to be active service for the

---

[27] Active duty is considered to include 1) Full time service in the Army, Navy, Marine Corps, Air Force, or Coast Guard, other than active duty for training (38 U.S.C. § 101(21)(A); 38 C.F.R. § 3.6(b)(1)); 2) Full-time service as a commissioned officer in the Public Health Service ( 38 U.S.C. § 101(21)(B); 38 C.F.R. § 3.6(b)(2)); 3) Full-time service as a commissioned officer at the Coast and Geodetic Survey, Environmental Services Administration, or National Oceanic and Atmospheric Administration (38 U.S.C. § 101(21)(C); 38 C.F.R. § 3.6(b)(3)); 4) Service as a cadet at a military academy (38 U.S.C. § 101(21)(D); 38 C.F.R. § 3.6(b)(4)); 5) Attendance by active-duty members at certain prep schools associated with military academies (38 C.F.R. § 3.6(b)(5)); and 6) Authorized travel to or from such duty or service  (38 U.S.C. § 101(21)(E); 38 C.F.R. 3.6(b)(6)).

[28] Active duty for training is a tour of active duty that is used for training members of reserve and other components to fill the Armed Forces during time of war or national emergency. Active duty for training has been determined to mean: 1) full time duty for training performed by Reservists (38 U.S.C. § 101(22)(A); 38 C.F.R. § 3.6(c)(1)); 2) full-time duty for training purposes as a commissioned officer in the Reserved Corps of the Public Health Service (38 U.S.C. § 101(22)(B); 38 C.F.R. § 3.6(c)(2)); 3) full-time training duty by members of the Air or Army National Guard of any state (38 U.S.C. § 101(22)(C): 38 C.F.R. § 3.6(c)(3)); 4) duty by members of the Senior ROTC program on field training or a practice cruise (38 U.S.C. § 101 (22)(D);  38 C.F.R. § 3.6(c)(4)); and 5) authorized travel to and from duty for training (38 U.S.C. § 101(22)(E); 38 C.F.R. § 3.6(c)(6)).

[29] 38 U.S.C. § 101(24).  Inactive duty for training has been defined to mean: 1) duty, other than full-time duty, for Reservists (38 U.S.C. § 101(23)(A); 38 C.F.R. § 3.6(d)(1)); 2) other duties authorized for Reservists performed on a voluntary basis (38 U.S.C. § 101(23)(B); 38 C.F.R. § 3.6(d)(2)); 3) training (other than active duty for training) by a member of, or applicant for membership in Senior ROTC (38 U.S.C. § 101(23)(C); 38 C.F.R. § 3.6(d)(3)); and 4) for the members of the Air or Army National Guard of any state, such training means duty other than full-time duty (38 U.S.C. § 101(23); 38 C.F.R. § 3.6(d)(4)).

[30] 38 U.S.C. §§ 101, 106.  See Federal Benefits at 2.

[31] 38 U.S.C. § 106(d); 38 C.F.R. § 3.6(e).

CRS-6

purposes of veterans' benefits. In addition, a claimant may have more than one period of service, which may further complicate the determination.

**Whether the Military Service was During Time of War.** Whether or not a veteran has served during time of war may impact his/her potential VA benefits. All military service is classified as either wartime or peacetime service. Certain benefits are extended only to veterans with wartime service.[32]

Congress has set out the periods of "wartime" for the purposes of veterans' pensions and other benefits.[33] To be considered to have "served during wartime" by the VA, a veteran does not have to have served in an actual combat zone, but during the specified periods of war set out below. Those time periods not designated by Congress as "wartime," are considered to be "peacetime." A veteran may have served his/her duty part during wartime and part during peacetime. The veteran would meet the "wartime" criteria if the veteran served ninety consecutive days, at least one day of which occurred during a period designated as wartime.

Following is a list of those periods of "wartime" as so designated by Congress:[34]

- *Indian Wars* — January 1, 1817 through December 31, 1898[35]
- *Spanish-American War* — April 21, 1898 through July 4, 1902[36]
- *Mexican Border War* — May 19, 1916 though April 5, 1917[37]
- *World War I* — April 6, 1917 through November 11, 1918; extended to April 1, 1920; by regulation extended to July 1, 1921 under certain specific conditions[38]
- *World War II* — December 7, 1941 through December 31, 1946, extended to July 25, 1947[39]
- *Korean Conflict* — June 27, 1950 through January 31, 1955[40]
- *Vietnam Era* — August 5, 1964 through May 7, 1975[41]
- *Persian Gulf War* — August 2, 1990 through a date to be prescribed by Presidential proclamation or law[42]

---

[32] For instance, only veterans having wartime service are eligible for non-service connected disability pension benefits (38 U.S.C. §1521(j)).

[33] 38 U.S.C. § 101 (6)-(11); 38 C.F.R. § 3.2.

[34] See Federal Benefits at 2.

[35] See 38 C.F.R. § 3.2(a).

[36] 38 U.S.C. § 101(6); 38 C.F.R. § 3.2(b).

[37] 38 U.S.C. § 101(30); 38 C.F.R.§ 3.2(h).

[38] 38 U.S.C. § 101(7); 38 C.F.R. § 3.2(c).

[39] 38 U.S.C. § 101(8); 38 C.F.R. § 3.2(d).

[40] 38 U.S.C. § 101(9); 38 C.F.R. § 3.2(e).

[41] 38 U.S.C. § 101(29); 38 C.F.R. § 3.2(f).

[42] 38 U.S.C. §§ 101(33), 1501(4); 38 C.F.R. §§ 3.2(I), 3.3(a)(3), 3.17, 3.54(a)(3)(viii). At
(continued...)

CRS-7

**Service Requirements: Length of Duty.** Prior to September 8, 1980, there was no minimum length of service necessary to vest most VA benefits. However, for an individual who enlisted after September 8, 1980, there are now certain minimum length of service requirements. The general requirement is either twenty-four months of continuous active duty or the "full period" for which the service person was called or ordered to active duty.[43] But, several significant exceptions exist to this general rule.

Service-connected compensation benefits are exempt from the minimum active duty requirements. A veteran with a disease or injury incurred during active service should almost always be able to receive service connected compensation for his/her condition or disability.[44]

Other significant exceptions to the minimum service requirements include claims for VA insurance benefits;[45] hardship discharges;[46] and persons retired or separated from service because of a service-related disability.[47]

If the former service member does not fall into one of the two eligible categories (twenty-four months active duty or the "full period" of active duty), or fall within one of the statutory exceptions, then the veteran has not completed a minimum period of active duty and is "not eligible for any benefit under Title 38, United States Code or under any law administered by the Department of Veterans Affairs based on that period of active service."[48]

## Impediments to VA Benefits: Willful Misconduct

If the VA determines that an injury or disease resulted from "willful misconduct" on the part of the claimant, such misconduct may serve as a bar for any disability benefits. Regulations define willful misconduct as "deliberate or intentional wrongdoing with knowledge of or wanton or reckless disregard of its probable consequences."[49]   Such willful misconduct is an act that involves conscious wrongdoing or known prohibited action.[50]

Veterans whose health conditions or disabilities have come about as a result of willful misconduct may not receive compensation from either the non-service-

---

[42] (...continued)
the present time, no termination date has been established.

[43] 38 U.S.C. § 5303A(b); 38 C.F.R. § 3.12a(a)(1).

[44] 38 U.S.C. § 5303A(b)(3)(C); 38 C.F.R. § 3.12a(d)(4).

[45] 38 U.S.C. § 5303A(b)(3)(E); 38 C.F.R. § 3.12a(d)(5).

[46] 38 U.S.C. § 5303A(b)(3)(A); 38 C.F.R. § 3.12a(d)(1).

[47] 38 U.S.C. § 5303A(b)(3)(B); 38 C.F.R. § 3.12a(d)(2).

[48] 38 U.S.C. § 5303A(b)(1); 38 C.F.R. § 3.12a(b).

[49] 38 C.F.R. § 3.1(n)(1).

[50] *Id.*

CRS-8

connected pension plan[51] or the service-connected disability compensation program.[52] Likewise, vocational rehabilitation benefits and certain other benefits will be denied, as such benefits are based on a service-connected condition.[53] Customarily, the VA reviews all of the circumstances of each claimant's case to determine whether there was willful misconduct on the part of the claimant.

**Alcohol Abuse.** For the purpose of VA benefits, alcohol abuse has been defined as "the use of alcoholic beverages over time, or such excessive use at any one time, sufficient to cause disability to or death of the user."[54] Alcohol abuse is deemed to be "willful misconduct," even though the "simple drinking of alcoholic beverage is not of itself willful misconduct."[55]

**Drug Abuse.** The VA has defined drug abuse rather broadly. For the purposes of VA benefits, drug abuse has been defined as the use of an illegal drug, the use of a prescription drug illegally or illicitly obtained, the use of a drug for a purpose other than that for which it was medically intended, or the use of a drug (any substance other than alcohol) to enjoy its intoxicating effect.[56] Should the claimant's use of a drug coincide with any portion of this definition, then the claimant's use is considered drug abuse. Such resultant death or disability is then not considered to have occurred in the line of duty.[57]

Unusual situations may occur when the VA considers it not to be a case of willful misconduct when a drug is used for medical purposes or when during the use of drugs, addiction or habituation to drugs results from a service-connected disability.[58] Accordingly, if a claimant develops a medical problem because of the use of prescribed medications used as prescribed to respond to a service-connected problem, the resultant problem could be considered to be service-connected and not willful misconduct.

**Venereal Disease.** Under certain circumstances, the VA will consider the effects of venereal disease as not the result of willful misconduct. Thus, disabilities that result from venereal disease contracted during a period of military service may be compensable.[59] However, such compensation may be withheld if it is determined

---

[51] 38 U.S.C. § 1521(a); 38 C.F.R. § 3.301(b).

[52] 38 U.S.C. § 105(a); 38 C.F.R. § 3.301(a).

[53] 38 U.S.C. § 3102.

[54] 38 C.F.R. § 3.301(d).

[55] 38 C.F.R. § 3.301(c)(2).

[56] *Id.* § 3.301(d).

[57] *Id.*

[58] 38 C.F.R. § 3.301(c)(3).

[59] 38 C.F.R. § 3.301(c)(l).

CRS-9

that the venereal disease predated military service and that the resultant medical problems were as a result of the progress of the disease.[60]

## Step Two: Entitlement to Disability Benefits

**Disability Benefit Programs.** Once it has been determined that the claimant is *eligible* for veterans' benefits, then it must be determined whether the claimant is *entitled* to certain benefits. Again, there are two basic disability benefit programs for veterans: the disability compensation program and the pension program. The disability compensation program is service-connected and the pension program is non-service-connected.

**Requirements for the Award of Service-Connected Disability Compensation.** The award of service-connected disability compensation has several requirements. First, the fundamental eligibility requirements discussed above — service and discharge requirements — must be met. Then, for a veteran to be entitled to service-connected disability compensation, the veteran must prove three elements. These elements are: 1) a medical diagnosis of the current disability; 2) medical evidence, and in some instances lay evidence, of the in-service occurrence or worsening of an injury or disease; and 3) a link between the in-service-incident or the worsening of a disease or injury, and the current disability.[61] If the VA is satisfied that these three elements are proved, then the VA determines the severity of the disability.[62] The VA assigns a percentage evaluation from 0% to 100% for the amount of disability that the VA determines that the veteran has sustained.[63]

After the VA determines the percentage of disability, the VA sets an effective date for the award of the disability compensation and payments begin to the veteran.[64] Should the VA deny disability benefits, or should the veteran disagree about the percentage determination, the veteran may appeal the decision(s) through a VA appeals process.

**Requirements for the Award of a Non-Service-Connected Pension.** Like the service-connected disability compensation, the fundamental eligibility requirements of discharge and active wartime service must be met prior to the award of a non-service-connected pension. Then, several additional criteria must be met. First, the veteran must have a limited income.[65] In addition, it must be determined that the veteran's net worth does not provide sufficient income to meet his/her needs,

[60] Id.

[61] Veteran Benefits Manual at § 3.1.5.

[62] Id.

[63] 38 U.S.C. § 1155; 38 C.F.R. pt. 4.

[64] Rates of disability compensation are set by statute. See 38 U.S.C. § 1114 for the rates of wartime disability compensation.

[65] 38 U.S.C. § 1521; 38 C.F.R. §§ 3.271-273.

CRS-10

known as the "needs test."[66] Second, the veteran is permanently and totally disabled or age 65 at the time of filing the pension application.[67] Finally, the disability of the veteran must not be attributable to the willful misconduct of the veteran.[68]

Procedurally, a veteran's application for pension benefits is reviewed by the VA regional office adjudicators. They will first determine the basic eligibility of the applicant for pension benefits. After this fundamental eligibility is established, the adjudicators will look at the claimant's income and net worth. If the claimant's income or net worth is a bar to the pension benefits, the claim will be denied without a determination of the claimed disability. If the income or net worth does not seem to serve as a bar to pension benefits, the pension claim is sent on to the rating board for a disability determination.[69]

The disability determination is undertaken on a case by case basis. Congress has provided some guidance in this process. A veteran is to be considered to be permanently and totally disabled if the veteran is in *any* of the following circumstances: 1) nursing home patient for long term care because of a disability; 2) disabled, as determined by the Commissioner of Social Security for the payment of Social Security benefits; 3) unemployable because of a disability which is reasonably certain to continue through the claimant's life; or 4) suffering from a) a disability adequate to render it impossible for the average person to be gainfully employed, if the disability is expected to continue for the life of the person; or b) a disease or disorder determined by the Secretary of Veterans Affairs to *per se* result in permanent and total disability.[70]

Special rules exist for claimants who are age 65 or older. A veteran, 65 or older, who applies for a pension is presumed to be permanently and totally disabled for pension purposes. Hence, a disability determination is not required for a veteran age 65 or older to be granted pension entitlement.[71]

After the disability status is determined,[72] pension benefits are paid to the claimant on a monthly basis. However, a determination adverse to the veteran may be appealed through appropriate VA channels.

---

[66] 38 U.S.C. § 1522; 38 U.S.C. § 3.274.

[67] 38 U.S.C. § 1521(a); 38 C.F.R. § 4.17.

[68] See discussion at pp. 8-9.

[69] Veterans Benefits Manual at § 6.1.2.

[70] 38 U.S.C. § 1502.

[71] 38 U.S.C. §1513.

[72] The monthly benefit is offset by any other income that the veteran may have.