Party: Total    Page 1
Ex: B

LEXSEE 2004 U.S.DIST. LEXIS 29504

ALLEN MITCHELL, et al., Plaintiffs, v. AC&S, Inc., et al., Defendants.

Civil Action No. 4:04cv2713

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, NEWPORT NEWS DIVISION

2004 U.S. Dist. LEXIS 29504

December 15, 2004, Decided
December 15, 2004, Filed

**COUNSEL:** [*1] For Allen Mitchell, Plaintiff: Paul A. Weykamp, Law Offices of Paul A. Weykamp, Baltimore, MD.

For Viacom, Inc., formerly known as Westinghouse Electric Corporation formerly known as CBS Corporation, Defendant: Maurice Francis Mullins, Spotts Fain PC, Richmond, VA.

**JUDGES:** Jerome B. Friedman, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Jerome B. Friedman

**OPINION**

*ORDER*

Pending before the court is the plaintiff's Motion for Remand and Opposition to Removal of Civil Action, [1] seeking to remand this case to the Circuit Court for the City of Newport News, Virginia. The plaintiff filed this motion in response to a Notice of Removal, filed by defendant Viacom Inc., a successor by merger to CBS Corporation, formerly known as Westinghouse Electric Corporation (referred to hereafter as "Westinghouse" or "the defendant"). After consideration of the materials submitted by the parties, and for the reasons set forth herein, the plaintiff's Motion to Remand is **DENIED.**

> 1 Although this order discusses the Motion for Remand filed specifically by plaintiff Allen Mitchell, this order also applies to and dispenses with all of the identical motions filed by the plaintiffs in the asbestos cases identified on the list attached to this order.

[*2] I. Procedural History

The plaintiff commenced this action in 2002 by filing a Motion for Judgment in the Circuit Court for the City of Newport News, Virginia against various asbestos manufacturers. The defendant was served on August 14, 2002. In his Motion for Judgment, the plaintiff alleges various state law claims relating to his exposure to asbestos and asbestos-containing products during his employment with the Norfolk Shipbuilding Company from 1971 to 2001. The Motion for Judgment did not identify with specificity the asbestos-containing products manufactured by the defendant to which the plaintiff alleges he was exposed.

On July 30, 2004, the plaintiff provided discovery responses to the defendant in which the plaintiff alleged exposure to turbines manufactured by Westinghouse during the plaintiff's employment. These discovery responses identified that the alleged exposure occurred on vessels of the United States Navy, including the USS Nassau and USS Ozark. The defendant has acknowledged that these vessels contained Westinghouse products.

After a review of the July 30, 2004 responses, the defendant determined that this case was removable to federal court. On August 26, 2004, the [*3] defendant filed a Notice of Removal, premised on *28 U.S.C. § 1442(a)(1)*, which permits removal of civil actions instituted against an officer or agency of the United States, or an individual acting under the authority of such officer. *28 U.S.C. § 1442(a)(1)*. The Notice of Removal also states that a federal defense to the plaintiff's claims exists in the form of government contractor immunity from liability for injuries arising from any exposure to asbestos-containing turbines that the defendant manufactured and installed on United States Navy vessels pursuant to the direction of naval officers. On September 24, 2004, the plaintiff filed his Motion for Remand, claiming that the defendant has failed to make the required showing

that it acted under the authority of an officer or agency of the United States and has failed to establish the criteria for a colorable federal defense. The defendant filed its Response on November 5, 2004.

II. Discussion

The plaintiff's Motion for Remand asserts that the court lacks jurisdiction over this matter based on the defendant's failure to satisfy the requirements of the federal officer removal statute. [*4] The burden of establishing removal jurisdiction rests with the party seeking removal. *See Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir. 1994)*. Any doubts as to the propriety of the removal are to be resolved in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); Creekmore v. Food Lion Inc., 797 F. Supp. 505, 508 (E.D. Va. 1992)*.

The federal officer removal statute, *28 U.S.C. § 1442(a)(1)*, provides that a civil action commenced in state court against "the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office" may be removed to federal court. *28 U.S.C. § 1442(a)(1)*. In *Mesa v. California, 489 U.S. 121, 109 S. Ct. 959, 103 L. Ed. 2d 99 (1989)*, the Supreme Court set forth the criteria for removal of a case pursuant to *28 U.S.C. § 1442(a)*. The party seeking removal must establish (1) that it acted under the direction of a federal officer; (2) that there [*5] exists a colorable federal defense to the plaintiff's claims; and (3) that there exists a causal nexus between the plaintiff's claims and the acts performed by the defendant under the authority of a federal officer or agency. *See Mesa v. California, 489 U.S. 121, 124-25, 129-31, 134-35, 109 S. Ct. 959, 103 L. Ed. 2d 99 (1989); see also Pack v. AC&S, Inc., 838 F. Supp. 1099, 1101 (D. Md. 1993)*.

A. Acting Under the Direction of a Federal Officer

The plaintiff first argues that the defendant has failed to establish that it acted under the authority of an officer or an agency of the United States. In its Response, the defendant contends that it does meet the necessary criteria for removal pursuant to *section 1442(a)*, and in support thereof has submitted a number of exhibits, including the affidavits of James M. Gate, former manager of Design Verification of the Marine Division of Westinghouse, and Roger B. Home, Jr., a retired Rear Admiral of the United States Navy.

Based on its review of these exhibits, the court finds that the defendant was acting under the control of the United States Navy and its officers when it built and manufactured turbines for use onboard the USS Nassau and [*6] USS Ozark. *See Pack, 838 F. Supp at 1103* (finding that showing of strong government intervention establishes direct control). The Gate and Home affidavits establish that the defendant manufactured the turbines according to precise specifications, promulgated by the United States Navy and administered by its officers. *See id. 1103* (finding that defendant established, under directly analogous facts, that defendant acted under control of United States Navy in constructing and designing turbines). The Gate affidavit directly attests to the extensive level of supervision and control exercised by the United States Navy and its officers. *See* Affidavit of James M. Gate at P2, 4, 7. Mr. Gates reviewed the records for the turbines manufactured and supplied by Westinghouse in connection with the Navy vessels at issue in this action and verified that the turbines were manufactured under the strict direction and control of officers of the United States Navy. *Id.* at P6. These turbines were subjected to tests and trials, all under the supervision of United States Navy officers, prior to being approved for use on military vessels. *See id.* at P26-27. Additionally, [*7] the affidavit of Admiral Home also attests to the level of direct supervision and control exercised over the turbine-manufacturing and installation process by United States Navy officers. *See* Affidavit of Roger B. Home, Jr. at P4, 6.

In support of its argument that the defendant has not established that it acted under the authority of an officer or agency, the plaintiff relies on the case of *Good v. Armstrong World Indus., Inc., 914 F. Supp. 1125 (E.D. Pa. 1996)*. In *Good*, which also involved a Westinghouse removal of a case to federal court premised on *section 1442(a)*, the court found that the defendant did not establish that the defendant acted under the direct and personal control of a federal officer, in that case the Secretary of the Navy. *See Good v. Armstrong World Indus., Inc., 914 F. Supp. 1125, 1128-29 (E.D. Pa. 1996)*. The *Good* court found that Westinghouse had designed and manufactured the equipment at issue in accordance with the specifications and regulations mandated by the United States Navy, but it did not consider this to be sufficient to remove under *section 1442(a)(1)*, because Westinghouse was not acting directly under [*8] control of the Secretary of the Navy, as it had suggested in its Notice of Removal. *See id.* The court in *Good* read the statute literally, requiring that the contractor act under the direct control of the Secretary of the Navy himself, or another officer of the United States. *See id.*

As the defendant references, the facts of the instant case are somewhat distinguishable from those presented in *Good*. Unlike the defendant in *Good*, the defendant in the instant case does not claim in its Notice of Removal that it acted under the direction of the Secretary of the

Navy. Rather the defendant avers that it operated under the control of officers of the United States Navy. The affidavit of Mr. Gates attests to the level of supervision of certain officers, including the Inspector of Naval Machinery, over the design and manufacture of the turbines at issue. Unlike the situation presented in *Good,* then, the Gate affidavit supports the defendant's position in its Notice of Removal that it acted under control of officers of the Navy. *See* Gate Affidavit at P3, 4, 16, 17.

Moreover, the strict literal approach taken by the *Good* court has not been adopted by the majority [*9] of courts that have considered the federal officer removal statute. *See Crocker v. Borden, Inc.,* 852 F. Supp. 1322, 1326 (E.D. La. 1994) (finding, in facts nearly identical to *Good,* that defendant acted under direction of United States Navy in constructing marine turbines); *Pack,* 838 F. Supp at 1103; *Carter v. Acands, Inc.,* 2002 U.S. Dist. LEXIS 24057, 2002 WL 31682352 *4-5 (E.D. Tex. 2002) (finding that extensive control exercised by United States Navy over production and supply of Westinghouse turbines met *section 1442(a)* requirements). For prudent reasons and in keeping with the rationale of the federal officer removal statute, these courts have interpreted the language of *section 1442(a)* more liberally than the *Good* court. *Section 1446* does not detail a definition of a "federal officer." To refuse to accept the direction of a branch of the armed services as the direction of a "federal officer" is to "deny that the government is composed of entities as well as people." Kristina L. Garcia, *Comments: The Boyle Festers: How Lax Casual Nexus Requirements and the "Federal Contractor Defense" Are Leading to a Disruption of Comity under the Federal Officer* [*10] *Removal Statute,* 46 Emory L.J. 1629, 1645 (1997) (detailing problems with strict interpretation of "federal officer" in *section 1442(a)(1)*).

The court agrees with the viewpoint of the majority of jurisdictions that have considered this issue. It is wholly apparent that the defendant acted under the direction of the United States Navy and its individual officers in producing the turbines that are at issue in this products liability action. Allowing removal by a defendant who acted at the direction and behest of a government entity preserves the interests of federal law "by protecting those who carry out the directives of the federal government from the state court systems" and is fully consistent with the policy rationale of *section 1442,* which seeks the uniform application of federal law and the preservation of federal supremacy. *Id. at 1631, 1646.*

B. Colorable Federal Defense

The plaintiff next asserts that the defendant has not presented a colorable federal defense to the plaintiff's claims. The court first observes that the defendant "does not need to show for the purposes of the removal that the defense is meritorious, but only whether there is [*11] a colorable claim to such a defense." *Pack,* 838 F. Supp. at 1103; *see also Mesa,* 489 U.S. at 128-29. In its Notice of Removal, the defendant relies on the case of *Boyle v. United Tech. Corp.,* 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 2d 442 (1988) for the proposition that the federal defense of government contractor immunity applies in this case. The plaintiff argues that reliance on *Boyle* is misplaced as that case did not concern *section 1442(a)* removal and, in any case, the defendant has not met the stated requirements for the establishment of government contractor immunity.

The federal defense of government contractor immunity is available when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the government about dangers known to the supplier and unknown to the government. *See Boyle v. United Technologies,* 487 U.S. 500, 512 (1988). Although *Boyle* did not concern removal, the defendant does not rely on it in support of its claim of removal jurisdiction; rather, the defendant proffers *Boyle* as an example of a federal defense to which the defendant [*12] might avail itself.

From the affidavits submitted by the defendant, it appears that this defense is at the very least available, notwithstanding the issue of whether it is meritorious. *See Pack,* 838 F. Supp. at 1103 (noting that federal defense requirement is met when merely colorable, rather than meritorious, federal defense is established). The defendant's affidavits reveal that the defendant manufactured turbines for United States Navy vessels according to detailed specifications and that the turbines conformed to these specifications. *See id.* (finding that colorable federal defense requirement of *section 1442(a)* was met when defendant's affiant established that defendant manufactured turbine generators for United States Navy according to military specifications); Home Affidavit at P7-9. Accordingly, the court finds that the defendant has established a colorable federal defense for the purposes of removal.

C. Causal Nexus

Additionally, although the plaintiff has not claimed that the defendant fails to meet the third requirement for *section 1442(a)* removal, it is apparent that a causal nexus exists between the plaintiff's claims and the defendant's actions [*13] in manufacturing the asbestos-containing turbines under the direction of federal officers. *See Mesa,* 489 U.S. at 133-134. In his Motion for Judgment, the plaintiff alleges exposure to asbestos-containing products manufactured by the defendant. The plaintiff has specified that such exposure occurred as a result of the plaintiff's labor on the USS Nassau and USS

Ozark. The defendant has established that the construction of the turbines was done pursuant to the direction and control of officers of the United States Navy. *See* Gates Affidavit at P6. Therefore, there is a direct connection between the plaintiff's claim for relief and the defendant's actions while operating under the control of the United States Navy and its officers. *Carter, 2002 U.S. Dist. LEXIS 24057, 2002 WL 31682352 \*5* (noting that defendant's showing of Navy control and supervision during manufacturing of turbines in question satisfied causal nexus requirement).

III. Conclusion

The court finds that all of the requirements necessary for removal pursuant to *section 1442(a)(1)* have been met and that removal of this case is proper. *See Crocker, 852 F. Supp. at 1325*. This case will be transferred [*14] to the Eastern District of Pennsylvania where all federal court asbestos personal injury actions have been consolidated in a single forum pursuant to *28 U.S.C. § 1407*. Accordingly, the plaintiff's Motion for Remand and Opposition to Removal is **DENIED**.[2]

> 2  This denial applies to all identical motions for remand made by the plaintiffs in the asbestos cases on the attached list.

The Clerk is **REQUESTED** to mail copies of this Order to counsel for all parties.

**IT IS SO ORDERED.**

Norfolk, Virginia

December 15, 2004

UNITED STATES DISTRICT JUDGE

Jerome B. Friedman