Party: Total

Ex: A

**FOOTNOTES**

**70** Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Ware, 414 U.S. 117, 127, 94 S. Ct. 383, 389-390, 38 L. Ed. 2d 348, 359 (1973), quoting Silver v. New York Stock Exchange, 373 U.S. 341, 357, 83 S. Ct. 1246, 1257, 10 L. Ed. 2d 389, 400 (1963). In a series of recent cases dealing with occupation of the legislative field, the Court has made clear its conviction that federal and local enactments should as a rule be accommodated. See, e. g., Exxon Corp. v. Governor of Md., 437 U.S. 117, 132, 98 S. Ct. 2207, 2216, 57 L. Ed. 2d 91, 104 (1978); De Canas v. Bica, 424 U.S. 351, 357-358 n.5, 96 S. Ct. 933, 937 n.5, 47 L. Ed. 2d 43, 50 n.5 (1973); New York State Dep't of Social Servs. v. Dublino, 413 U.S. 405, 413-414, 93 S. Ct. 2507, 2513, 37 L. Ed. 2d 688, 695 (1973); Goldstein v. California, 412 U.S. 546, 567-569, 93 S. Ct. 2303, 2315-2316, 37 L. Ed. 2d 163, 180-181 (1973). **[**23]**

**71** Sperry v. Florida, 373 U.S. 379, 383-385, 83 S. Ct. 1322, 1325, 10 L. Ed. 2d 428, 431-433 (1963) (state cannot require bar membership by nonlawyer, authorized pursuant to federal statute to practice before Patent Office, as condition to his within-state activities directly related to such practice); Public Utils. Comm'n v. United States, 355 U.S. 534, 540-546, 78 S. Ct. 446, 451-454, 2 L. Ed. 2d 470, 475-478 (1958) (sustaining injunction against state statute requiring state commission's prior approval of federal practice of negotiation of special rates for shipments of governmental property); Mayo v. United States, 319 U.S. 441, 445, 63 S. Ct. 1137, 1139, 87 L. Ed. 1504, 1507-1508 (1943) (state cannot require payment of an inspection fee before it permits distribution of fertilizer owned by the United States); Leslie Miller, Inc. v. Arkansas, 352 U.S. 187, 190, 77 S. Ct. 257, 258-259, 1 L. Ed. 2d 231, 233 (1956) ("(subjecting) a federal contractor to the (state) contractor license requirements would give the State's licensing board a virtual power of review over the federal determination of "responsibility' and would thus frustrate the expressed federal policy of selecting the lowest responsible bidder"); Johnson v. Maryland, 254 U.S. 51, 55-57, 41 S. Ct. 16, 17, 65 L. Ed. 126, 128-129 (1920) (postal employee operating truck in line of duty cannot be required to obtain a state license; "(s)uch a requirement does not merely touch the Government servants remotely by a general rule of conduct; it lays hold of them in their specific attempt to obey orders and requires qualifications in addition to those that the Government has pronounced sufficient," id.

at 57, 41 S. Ct. at 17, 65 L. Ed. at 128-129); Ohio v. Thomas, 173 U.S. 276, 281-284, 19 S. Ct. 453, 454-455, 43 L. Ed. 699, 700-701 (1899) (governor of a soldiers' home cannot be subjected to state regulation respecting use of oleomargarine before furnishing it to inmates of the home). The potency of the supremacy doctrine is reflected in Johnson v. Maryland, supra, by the Court's description of In re Neagle, 135 U.S. 1, 10 S. Ct. 658, 34 L. Ed. 55 (1890), as a holding that "even the most unquestionable and most universally applicable state laws, such as those concerning murder, will not be allowed to control the conduct of a marshal of the United States acting under and in pursuance of the laws of the United States." 254 U.S. at 56-57, 41 S. Ct. at 16, 65 L. Ed. at 128-129. [**24]

**72** Hancock v. Train, supra note 68, 426 U.S. at 178-179, 96 S. Ct. at 2012-2013, 48 L. Ed. 2d at 565-566 (state whose federally-approved implementation plan prohibits operation of air-polluting source without a state permit cannot require federally-owned or -operated installations to secure such permit); EPA v. California ex rel. State Water Resources Control Bd., 426 U.S. 200, 211-228, 96 S. Ct. 2022, 2028-2035, 48 L. Ed. 2d 578, 587-596 (1976) (federal installations discharging water pollutants in a state having a federally-approved permit program not required to obtain such permits).

**73** E. g., Kleppe v. New Mexico, supra note 63, 426 U.S. at 540, 96 S. Ct. at 2292, 49 L. Ed. 2d at 43-44; United States v. San Francisco, 310 U.S. 16, 29-30, 60 S. Ct. 749, 756, 84 L. Ed. 1050, 1059-1060 (1940). Indeed, the Property Clause, U.S.Const., art. IV, § 3, cl. 2, which confers on Congress "Power to dispose of and make all needful Rules and Regulations respecting the ... Property belonging to the United States," provides a specific and independent constitutional basis for congressional action respecting federal property. Such "federal legislation necessarily overrides conflicting state laws under the Supremacy Clause." Kleppe v. New Mexico, supra note 63, 426 U.S. at 542-543, 96 S. Ct. at 2293, 49 L. Ed. 2d at 45. The Property Clause undoubtedly applies to both the Munsey Building and its landsite -- for the definition accorded "property" is broad, see, e. g., Ashwander v. TVA, 297 U.S. 288, 330-340, 56 S. Ct. 466, 475-480, 80 L. Ed. 688, 701-707 (1936) (electrical energy potentially made available by construction of dam was property the United States was entitled to reduce to possession), and Congress was free to delegate its power over them to the PADC. See, e. g.,

United States v. Heinszen & Co., 206 U.S. 370, 384-385, 27 S. Ct. 742, 745-746, 51 L. Ed. 1098, 1103 (1907) (delegation to the President); United States v. Cassiagnol, 420 F.2d 868, 876-877 (4th Cir.), cert. denied, 397 U.S. 1044, 90 S. Ct. 1364, 25 L. Ed. 2d 654 (1970) (delegation to Government Services Administration). **[\*\*25]**

**74** Hancock v. Train, supra note 68, 426 U.S. at 180, 96 S. Ct. at 2013, 48 L. Ed. 2d at 556, quoting California Pub. Util. Comm'n v. United States, 355 U.S. 534, 544, 78 S. Ct. 446, 453, 2 L. Ed. 2d 470, 477 (1958).

**75** See note 62 supra.

**76** Hancock v. Train, supra note 68, 426 U.S. at 179, 96 S. Ct. at 2012-2013, 48 L. Ed. 2d at 565, quoting Mayo v. United States, supra note 71, 319 U.S. at 447-448, 63 S. Ct. at 1140-1141, 87 L. Ed. at 1508-1509.