IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRESCENT CARE, LLC d/b/a CARILLON RESOURCES, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 08 C 127 ) |
| TOTAL HOME HEALTH, INC., | ) Judge James B. Moran ) |
| Defendant. | ) ) |

**PLAINTIFF'S REPLY IN FURTHER
SUPPORT OF ITS MOTION TO REMAND**

Plaintiff Crescent Care, LLC d/b/a Carillon Resources ("Carillon"), by its undersigned attorneys, for its reply in further support of its motion to remand this cause to state court, states as follows:

**Total Home's *Illegality* Defense Is Not a Grounds for Removal**

Carillon argued that this cause should be remanded because Total Home's illegality defense is not grounds for removal. *Bennett v. Southwest Airlines Co.*, 493 F.3d 762, 763 (7th Cir. 2007) ("[A]rising-under jurisdiction depends on the claim for relief rather than potential defenses."); Fed. R. Civ. P. 8(c) (listing illegality as a defense). Total home responds by arguing that the federal acquisition law (41 U.S.C. § 251, *et seq.*) preempts state law.[1] As this Court well knows, the issue is not simply preemption. *Leto v. RCA Corp.*, 355 F. Supp. 2d 921, 923 (N.D. Ill. 2004).

---

[1]  Total Home does not argue that this case involves a significant federal question under *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363 (2005). Accordingly, we do not address the issue except to say, whether the contract in this case is precluded by federal law and, if so, whether an exception exists, is not so significant that it justifies making a federal case out of a simple state breach of contract claim. *See C&H Contracting of MS, LLC v. Lakeshore Engineering Services, Inc.* 2007 WL 2461017 * 2 (S.D. Miss. 2007) (copy attached) (rejecting using *Grable* to remove claim based on federal acquisition regulations).

As this Court stated:

> [U]nder the well-pleaded complaint rule a state law action can only be removed to federal court if Congress expressly allows it or a federal statute entirely displaces the state law cause of action through complete preemption. *See Beneficial National Bank v. Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058 (2003). . . The Supreme Court has found only three categories of state law actions that are completely preempted by federal law-actions that fall under the Labor Management Relations Act, 29 U.S.C. § 185, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., and the National Bank Act, 12 U.S.C. §§ 85, 86. *See Avco Corp. v. Aero Lodge No. 735, Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Beneficial National Bank*, 539 U.S. at 10-11, 123 S.Ct. 2058.

*Leto*, 355 F. Supp. 2d at 923.

We have found no case since this Court's opinion in *Leto* which extends complete preemption to federal acquisition law. In contrast, at least two courts have rejected the very argument Total Home makes here. *C&H Contracting of MS, LLC v. Lakeshore Engineering Services, Inc.* 2007 WL 2461017 * 2 (S.D. Miss. 2007) (copy attached) ("[T]he Court' research does not reveal any indication that Congress intended to provide a federal cause of action between contractors (outside of the Miller Act, which is not implicated here) for violation of the Federal Acquisition Regulations."); *Baker v. America's Mortg. Servicing, Inc.*, 1992 WL 168532, * 2 (N.D. Ill. 1992) (copy attached) ("Even if we have federal question jurisdiction because Baker's claims 'arise under' federal law, he is entitled to bring these claims in state court because [the VA regulations have] not completely preempted state law in this area.")

In the absence of any precedent (binding or otherwise) for complete preemption, Total Home is left to convince this Court that it should be the first to hold that federal acquisition law completely preempts state law. Total Home does not help its cause (or this Court) by failing to address any of the factors relevant to a complete preemption analysis. The entirety of Total

Home's brief deals with simple preemption. However, "[p]reemption is not complete preemption, and, therefore, rulings that establish federal preemption as a defense to certain state law claims do not establish federal preemption as a basis for removal from state court." *Leto*, 355 F. Supp. 2d at 924. For its part, Carillon is not in a position to respond to a complete preemption analysis Total Home fails to make.

Because neither the Supreme Court nor the Seventh Circuit[2] (or any court for that matter) has held that federal acquisition law completely preempts state contract law and because Total Home has not made a case for complete preemption, Total Home's removal based on federal question jurisdiction should be rejected.

**Total Home is not a Federal Officer under 28 U.S.C. 1442(a)(1)**

"The party seeking removal under § 1442 must demonstrate that (1) it is a 'person' within the meaning of the statute; (2) it acted under the direction of a federal officer, meaning there is a nexus or causal connections between plaintiff's claims and its actions; and (3) it can assert a colorable federal defense to state-law liability." *Harris v. Rapid American Corp.*, 2007 WL 4553082 * 1 (N.D. Ill. 2007) (copy attached to Motion). We argued in our opening brief that Total Home cannot establish the second element, i.e. a causal connection between Total Home's breach and the VA's supervision, nor the third element, i.e. a factual basis for its illegality defense.

> **Total Home Has Failed to Establish Causal**
> **Connection Between Carillon's Claim and the**
> **Total Home's Action under Supervision of the VA**

---

2.     *See Leto*, 355 F. Supp. 2d at 924 ("Lacking any precedent from the Supreme Court or Seventh Circuit for the complete preemption of right of publicity claims by the Copyright Act, we declined to find that the Leto action as completely preempted and remanded their case to state court.")

Total Home must establish a causal connection between the VA's supervision of Total Home and Total Home's repudiation of its contract with Carillon. *Harris v. Rapid American Corp.*, 2007 WL 4553082 * 1 (N.D. Ill. 2007) (copy attached to Motion). Total Home's effort to establish this connection boils down to a claim that every person or entity contracting with the federal government and who is subject to federal laws and regulations is acting as a federal officer. Total Home's effort is wasted.

There are two relevant contracts: 1) the contract between Carillon and Total Home; and 2) the contract between Total Home and the VA. The totality of Total Home's argument and the evidence it offers address only Total Home's performance of the second contract – Total Home's contract with the VA. While the VA's supervision of Total Home may deal extensively with the quality and quantity of Total Home's products and services, the VA's supervision has nothing to do with Carillon's contract with Total Home except for requiring that Total Home comply with all laws. Not surprisingly then, Total Home's argument with respect to the first contract – Carillon's contract with Total Home – boils down to: Total Home was relying on federal law when it repudiated its contract with Carillon.

This argument is expressed plainly in Paragraph 15 of Total Home's Response:

Finally, at Ex. D, in the exhibits thereto at pp. 66 of APK1, also referred to as document 1-5, pp. 27 of 68, the contract requires: "(q) Other compliances. The Contractor shall comply with all applicable Federal, State and local laws, executive orders, rules and regulations applicable to its performance under this contract". This catch all provision clearly requires Total's compliance with the federal ban on contingencies in the procurement of federal government contracts in rejecting the legality of Carillon's finder's fee agreement.

(Response, ¶ 15, at 16) Thus, Total Home's sole basis for removal under section 1442(a)(1) is that the VA requires Total Home to comply with federal law.[3] However, merely complying with federal law is not sufficient for removal under Section 1442(a)(1). *Watson v. Philip Morris Companies, Inc.*, ___ U.S. __, ___, 127 S. Ct. 2301, 2307 (2007) ("In our view, the help or assistance necessary to bring a private person within the scope of the statute does not include simply complying with the law.")

The Supreme Court in *Watson* further explained:

> The upshot is that a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone. A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal "official." And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored. A contrary determination would expand the scope of the statute considerably, potentially bringing within its scope state-court actions filed against private firms in many highly regulated industries. Neither language, nor history, nor purpose lead us to believe that Congress intended any such expansion.

*Watson*, ___ U.S. at ___, 127 S. Ct. at 2308 (internal citation omitted).

Total Home has offered nothing more than its performance of the VA contract is "supervised and monitored" and that it claims to have complied with federal law. Therefore, the holding in *Watson* is dispositive. No causal connection exists between Carillon's claim and the VA's supervision of Total Home. Accordingly, Total Home cannot establish subject matter jurisdiction under Section 1442(a)(1). As a result, this cause should be remanded.

---

[3] Even the cited provision of the VA contract is irrelevant since it deals with Total Home's "performance under this contract" not with Total Home's bid for the VA contract in the first place.

**Total Home Has Not Supported its Federal Defense**

To establish jurisdiction under Section 1442(a)(1), Total Home must present some facts to support a colorable federal defense to state-law liability. *Harris v. Rapid American Corp.*, 2007 WL 4553082 * 1 (N.D. Ill. 2007) (copy attached to Motion). In our Motion, we pointed out that Total Home has not produced the warranty it would have had to give to the VA that no contingent fee contract existed. (Motion, ¶ 40) We also argued that the law Total Home relies on prevents a contingent fee agreement only if the "person or selling agency has been employed or retained to solicit or secure such contract." 10 USC § 1306(b) and 41 USC § 254(a). Because the contract between Carillon and Total Home was for information, Carillon was not "employed or retained to solicit or secure" the VA contract.

Total home has failed to rebut either of these arguments. Without facts to support a colorable federal defense to state-law liability, Total Home has not established the third requirement for removal under Section 1442(a)(1). Accordingly, this cause should be remanded.

**Conclusion**

For the foregoing reasons, Total Home has failed to establish that this Court has subject matter jurisdiction over this cause. Accordingly, this Court should remand this cause to state

court and award Plaintiff its attorneys' fee incurred in bringing this motion pursuant to 28 USC § 1447.

                              CRESCENT CARE, LLC d/b/a CARILLON RESOURCES,

                              By: /s/ David H. Latham
                                        One of Its Attorneys

David H. Latham
Law Offices of David H. Latham
Suite 1400
150 North Wacker Drive
Chicago, Illinois 60606
(312) 782-1910
Atty No.: 34878

**CERTIFICATE OF SERVICE**

David H. Latham certifies that a copy of Plaintiff's Reply in Further Support of its Motion to Remand was served upon:

>Thomas H. James
>James & Associates
>412 2nd Ave
>P.O. Box 398
>Forreston, Illinois  61030

by electronic means through the Court's Electronic Case Management system on this 4th day of day of April 2008.

>/s/ David H. Latham
>_____
>David H. Latham