Westlaw.

Slip Copy  
Slip Copy, 2007 WL 2461017 (S.D.Miss.)  
**(Cite as: Slip Copy)**

Page 1

C & H Contracting of MS, LLC v. Lakeshore Engineering Services, Inc.  
S.D.Miss.,2007.  
Only the Westlaw citation is currently available.  
United States District Court,S.D. Mississippi,Southern Division.  
C & H CONTRACTING OF MS, LLC, Plaintiff  
v.  
LAKESHORE ENGINEERING SERVICES, INC. and Burns Cooley Dennis, Inc., Defendants.  
**No. 1:07CV700.**

Aug. 24, 2007.

Russell Stephen Gill, Russell S. Gill, Attorney, Biloxi, MS, for Plaintiff.  
Phillip B. Abernethy, Shannon Fite Favre, P. Ryan Beckett, Butler, Snow, O'Mara, Stevens & Cannada, Judson R. Jones, Mockbee, Hall & Drake, PA, Jackson, MS, for Defendants.

*MEMORANDUM OPINION AND ORDER TO REMAND CASE TO THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI*

LOUIS GUIROLA, JR., United States District Judge.

**\*1** THIS MATTER COMES BEFORE THE COURT upon the Plaintiff's Motion to Remand [5]. The Defendants have filed a response. After due consideration of the pleadings, briefs and arguments of counsel and the relevant legal authorities, the Court finds that it does not have jurisdiction of this cause, and it should therefore be remanded to the Circuit Court of Jackson County, Mississippi.

FACTS AND PROCEDURAL HISTORY

This case is a contract dispute. Defendant Lakeshore Engineering Services, Inc. ("Lakeshore") entered into a prime contract with the U.S. Government to design and build an administrative and visitors center at the Mississippi Sand Hill Crane National Wildlife Refuge in Gautier, Mississippi. Lakeshore then contracted with Plaintiff C & H Contracting of MS, LLC ("C & H") to build the center. Defendant Burns Cooley Dennis, Inc. prepared a geotechnical investigation report for the project which C & H alleges was negligently performed and led to a contract dispute between Lakeshore and C & H. C & H filed a complaint in Jackson County alleging that Lakeshore terminated the contract based on a default contrived by Lakeshore. C & H's claims can be generally described as breach of contract, fraud and negligence.FN1 The Defendants removed this case based on the Court's federal question jurisdiction, asserting that the incorporation of **Federal Acquisition** Regulations into the contract terms and the Plaintiff's reference to the Prompt Payment Act in the Complaint cause this dispute to turn on questions of federal law.

> FN1. The claims are labeled wrongful termination for default, differing site condition, defective specifications/misleading information, failure to cooperate and not hinder contract performance, constructive contract changes, delay, breach of contract, bad faith, fraud, and negligence.

DISCUSSION

"As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."*Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003). Whether federal question jurisdiction exists is determined by application of the "well-pleaded complaint rule." *Id.* Under this rule, federal question jurisdiction exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.* A federal question is presented "in only two circumstances-when Congress expressly so provides, ... or when a federal statute wholly displaces the state-law cause of action through **complete preemption**. *Id.* at 8.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Defendants contend first that C & H affirmatively alleges a federal claim under the Federal Prompt Payment Act, 31 U.S.C. § 3905, by stating:

Lakeshore executed Prompt Payment Act certifications on the pay requests stating it would promptly pay its subcontractors for payments received from the Government for their work. Lakeshore was required by law to pay all such sums to C & H within seven days.

It appears Lakeshore has been paid by the Government for C & H's work, but has paid C & H nothing. This failure constitutes a false certification to the Federal Government by Lakeshore.

Pl. Compl. ¶¶ 54-55.

The few courts addressing the matter have found that there is no private right of action between contractors under the Prompt Payment Act. *See United States ex rel. Virginia Beach Mech. Servs., Inc. v. SAMCO Constr. Co.,* 39 F.Supp.2d 661, 677 (E.D.Va.1999) and *U.S. ex rel. Maris Equipment Co., Inc. v. Morganti, Inc.,* 163 F.Supp.2d 174, 197 (E.D.N.Y.2001). Consequently, the Court does not have original jurisdiction of a Prompt Payment Act claim. Even if the Complaint is interpreted to assert such a claim, the Act cannot serve as a basis for jurisdiction on removal. *Rodriguez v. Shell Oil Co.,* 818 F.Supp. 1013, 1017 n. 7 (S.D.Tex.1993) (holding that a claim alleging a violation of a federal statute is not removable to federal court if no private right of action exists under the federal statute) (citing *Merrell Dow* ).

**\*2** Defendants also contend that C & H's complaint "is saturated with numerous embedded federal questions that are essential to C & H's claims."(Def. Mem. in Opp. 4). Specifically, certain provisions of the **Federal Acquisition** Regulations, 48 C.F.R. 52.236-1, *et seq.,* have been incorporated into the contract and C & H will rely on those provisions to prove its claims. In addition, C & H used a time period from the prime contract between Lakeshore and the Government to claim that it is entitled to equitable adjustment to the subcontract. Thus, according to Defendants, interpretation of federal law will be necessary in resolving this case, providing subject matter jurisdiction.

The Fifth Circuit created a three-part test in *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.2001), to determine whether the mentioning of federal regulations in the Complaint provides the necessary basis for jurisdiction under § 1331:(1) whether the federal right is an essential element of the state claim, (2) whether the interpretation of the federal right is necessary to resolve the case, and (3) whether the question of federal law is substantial. *Id.* at 918.Defendants contend that all three of these elements are satisfied in this case, because reference to and interpretation of the **Federal Acquisition** Regulations are necessary in order to determine the validity of C & H's state law claims. However, after *Howery,* the U.S. Supreme Court revisited this issue in the more recent *Beneficial* case, holding that "a state claim may be removed to federal court in only two circumstances-when Congress expressly so provides, ... or when a federal statute wholly displaces the state-law cause of action through complete pre-emption."*Beneficial Nat'l Bank v. Anderson,* 539 U.S. at 8. Neither of those situations exists here. Defendants do not argue that C & H's claims are completely preempted, and the Court's research does not reveal any indication that Congress intended to provide a federal cause of action between contractors (outside of the Miller Act, which is not implicated here) for violation of the **Federal Acquisition** Regulations.

However, even more recently, the Supreme Court has disapproved of a bright-line approach. "Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 314 (2005). In the Court's view, the answer to this question is no. Rather than raising a substantial disputed federal issue, the allegations of the Complaint em-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00127    Document 31-2    Filed 04/04/2008    Page 3 of 3

Slip Copy
Slip Copy, 2007 WL 2461017 (S.D.Miss.)
(Cite as: Slip Copy)

Page 3

ploy federal regulations as a measuring rod with which the factfinder can gauge evidence of state-law claims of breach of contract, fraud and negligence. In the Court's opinion, this is insufficient to support federal question jurisdiction. *See Burton v. Southwood Door Co.,* 305 F.Supp.2d 629, 633-34 (S.D.Miss.2003) and *Nelson v. Mitchell Energy Corp.,* 941 F.Supp. 73, 75 (N.D.Tex.1996) ("The mere fact that a court necessarily must interpret federal law or federal regulations to determine the merits of a claim is insufficient to confer federal jurisdiction.")

**\*3 IT IS THEREFORE ORDERED AND ADJUDGED** that the above styled and numbered cause should be, and is hereby **REMANDED TO THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI** pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the Clerk of the State court pursuant to 28 U.S.C. 1447(c).

**SO ORDERED AND ADJUDGED.**

S.D.Miss.,2007.
C&H Contracting of MS, LLC v. Lakeshore Engineering Services, Inc.
Slip Copy, 2007 WL 2461017 (S.D.Miss.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.