Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1992 WL 168532 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Baker v. America's Mortg. Servicing, Inc.
N.D.Ill.,1992.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
James E. BAKER, on behalf of himself and all other persons similarly situated, Plaintiff,
v.
AMERICA'S MORTGAGE SERVICING, INC., and Standard Federal Savings Bank of Gaithersburg, Maryland, Defendants.
No. 92 C 2326.

July 15, 1992.

MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.
*1 Plaintiff James E. Baker has moved to remand this case to state court. Defendants America's Mortgage Servicing, Inc. and Standard Federal Savings Bank of Gaithersburg, Maryland (collectively, "AMS") removed this case on the grounds that it "arises under" federal law and therefore presents a federal question. Because we find that AMS has failed to show that federal law preempts Baker's state law claims, we grant Baker's motion to remand.

*Background* FN1

Baker has a mortgage guaranteed by the **Veterans Administration** (the "VA"), FN2 which he assumed from the previous owners upon the purchase of his home. According to his mortgage contract, late charges are to be calculated as a percentage basis of the amount of principal and interest due in that installment payment. AMS, however, includes in the late charge calculation not only the principal and interest, but also escrow deposit requirements for taxes, insurance, and other charges.

Baker filed this proposed class action on behalf of himself and all similarly situated persons who had mortgages with AMS or its affiliates in the last ten years and whose mortgage contracts had a late charge provision similar to his. In Count I, he alleges that AMS's practice of using the entire aggregate monthly payment to calculate the late charge violates the Illinois Consumer Fraud Act, Ill.Rev.Stat. ch. 121 1/2 , ¶ 262. In Count II, he asserts that AMS has breached the terms of the mortgage contract.

AMS based its removal of this case upon a provision in the mortgage contract which requires that the rights, liabilities and obligations of the parties to the contract be determined in accordance with Title 38 U.S.C. § 101 *et seq.* and the regulations promulgated thereunder. According to AMS, due to the presence of this provision, Baker's claims "arise under" a law of the United States, so that this Court has federal question jurisdiction.

*Discussion*

Under 28 U.S.C. § 1441 (1992), civil actions over which the district court has original jurisdiction may be removed from state to federal court. Removal jurisdiction, like original jurisdiction, may be based upon either diversity of citizenship or federal question. FN3 *Powers v. South Central United Food & Commercial Workers Union & Employers Health & Welfare Trust,* 719 F.2d 760, 763 (5th Cir.1983). AMS has removed this case on the grounds that Baker's claims "aris[e] under the ... laws of the United States," and therefore present a federal question. *See* 28 U.S.C. § 1441(b) (1992).

Federal question jurisdiction must appear on the face of the plaintiff's complaint and may not be established by the defendant through the answer, a defense, or the removal petition. *Illinois v. Kerr-McGee Chem. Corp.,* 677 F.2d 571, 575 (7th Cir.), *cert. denied,* 459 U.S. 1049 (1982). Except where a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00127   Document 31-3   Filed 04/04/2008   Page 2 of 2

Not Reported in F.Supp.
Not Reported in F.Supp., 1992 WL 168532 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Page 2

plaintiff's state or common law claims have been completely pre-empted by federal law, a plaintiff is free to choose his own causes of action, and he may ignore available federal claims and pursue only state claims. *Id.* However, the "artful pleading" doctrine prohibits a plaintiff from avoiding federal question jurisdiction by attempting to frame a *necessarily* federal claim in terms of state law. *Id.*

**\*2** Here, AMS, on the one hand, asserts that because Baker's claims implicate VA regulations regarding guaranteed mortgages, this case presents a federal question. Baker, on the other hand, contends that the issue of VA regulations is a defense, not a claim raised on the face of his Complaint. Baker also notes that where an area of state or common law has not been completely pre-empted by federal law, he may bring his claims in state court under state law if he so desires.

Baker is correct, and it is this issue that is dispositive of his motion to remand. We need not decide whether the implication of the VA regulations gives us federal question jurisdiction, for AMS has failed to show us, or even to argue, that Baker's state law claims have been pre-empted by federal law. The mere existence of federal question jurisdiction is not the point; pre-emption is. Even if we have federal question jurisdiction because Baker's claims "arise under" federal law, he is entitled to bring these claims in state court because federal law has not **completely preempted** state law in this area. Moreover, AMS has failed to argue, much less to persuade us, that pre-exemption exists here. For this reason, we grant Baker's motion to remand.

Baker has requested his attorneys' fees and costs for his motion to remand on the grounds that AMS's removal was improper. We may award attorneys' fees and costs if appropriate under 28 U.S.C. § 1447(c) (1992). Here, AMS failed to address the dispositive issue of pre-emption at all, even though Baker raised it in his opening brief. (Pl.'s Br. at 7.) Instead, AMS argued that the existence of federal question jurisdiction alone was sufficient to require this Court to deny Baker's motion to remand, an argument AMS should have known was not well-founded in law. Under these circumstances, Baker is entitled to recover his attorneys' fees and costs in bringing his motion to remand. Baker shall have ten days from the date of this Order to file his fee petition, and AMS shall have ten days thereafter to file its objections to the fee petition.

*Conclusion*

We grant Baker's motion to remand because his state law claims are not pre-empted by federal law. Consequently, AMS's removal of this action was improper. We also grant Baker's request for his attorneys' fees and costs in bringing the motion to remand. Baker shall have ten days from the date of this Order to file his fee petition, and AMS shall have ten days thereafter to file its objections to the fee petition. This case is remanded to the Circuit Court of Cook County.

> FN1. The facts presented here are those alleged in Baker's Complaint.
>
> FN2. The **Veterans' Administration** is now known as the Department of Veterans Affairs.
>
> FN3. The removal statute is to be construed narrowly and against removal. *Illinois v. Kerr-McGee Chem. Corp.,* 677 F.2d 571, 576 (7th Cir.), *cert. denied,* 459 U.s. 1049 (1982).

N.D.Ill.,1992.
Baker v. America's Mortg. Servicing, Inc.
Not Reported in F.Supp., 1992 WL 168532 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.